UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN VLASICH,<br><br>          Plaintiff,<br><br>     v.<br><br>M. BOBBALA, et al.,<br><br>          Defendants. | No. 2:17-cv-1241-JAM-EFB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel. Previously, after screening plaintiff's amended complaint (ECF No. 11), the court determined that service was appropriate for defendants Bobbala, Sahota, Arya, and Soltanian. ECF No. 15. The court directed plaintiff to submit documents for service of those defendants. *Id.* at 4-5. On May 8, 2019, plaintiff filed a "Request to Strike Second Amended Complaint or Motion for Leave to File a Third Amended Complaint." ECF No. 16. That request was granted and plaintiff was given leave to submit a third amended complaint. ECF No. 17. Now pending is plaintiff's motion for extension of time to submit his complaint (ECF No. 18) and the third amended complaint itself (ECF No. 19). Plaintiff's motion for extension of time is granted. The third amended complaint is screened below.

/////

1

<u>Screening</u>

I.   <u>Legal Standards</u>

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted).  Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II.   <u>Analysis</u>

Plaintiff's third amended complaint is deficient.  Not only does it fail to present a "short and plain statement of [his] claim" as required by the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. Rule 8 (a)(2), it also impermissibly joins multiple insufficiently related claims against

1     more than one defendant. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("[M]ultiple
2     claims against a single party are fine, but . . . [u]nrelated claims against different defendants
3     belong in different suits . . . ."). The complaint, which substantively totals about sixteen densely
4     written pages, details a wide range of events related to his medical care. These events range in
5     date from August 2016 (ECF No. 19 at 14) to May 2017 (*id.* at 18). The complaint primarily
6     alleges issues related to defendants' refusal to disburse various doses of opioid pain medication
7     (*id.* at 14-18), but it also alleges that defendants: (1) denied plaintiff a walking cane in retaliation
8     for filing grievance appeals (*id.* at 14); (2) denied plaintiff access to an outside specialist (*id.* at
9     16); and (3) falsified his medical files in retaliation for protected conduct (*id.*). Plaintiff has sued
10    eight defendants – Kelso, Moghaddam, Felder, Illya, Sahota, Arya, Bobbala, Soltanian – all of
11    whom played different roles[1] in his medical care.

12          The court appreciates that, to plaintiff, these varied events represent a continuous
13    interference with his medical care. Litigating them all in a single case, however, would prove
14    impossible. For instance, each of the listed denials of opioid medical represents a disparate
15    factual question. The first listed denial – by Arya in August of 2016 (*id.* at 4-5) is separated by
16    nearly a year from the last by Moghaddam in May of 2017 (*id.* at 13). There are numerous
17    alleged denials of opioid medication in between. A finding that any single denial was true or
18    false would not be dispositive of the others. And, as noted above, plaintiff has other claims
19    related, *inter alia*, to denial of a cane and retaliatory falsification of his medical records.

20          Plaintiff has now had several opportunities to amend. The court would normally be
21    disinclined to offer him another. The alternative, however, is to pare the complaint at the court's
22    discretion. *See* Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action.
23    On motion or on its own, the court may at any time, on just terms, add or drop a party. The court
24    may also sever any claim against a party."). Thus, plaintiff will be offered a final opportunity to
25    amend. He is admonished that, if he persists in suing multiple defendants, he must ensure that his

---

[1] Arya, for instance was directly involved in providing plaintiff care. ECF No. 19 at 4-5. Defendants Felder and Bobbala, by contrast, appear to have held positions on the pain management committee which denied plaintiff's request for reinstatement of his requested opioid medication. *Id.* at 10.

3

1 allegations against *all* of those defendants arise out of common questions of law or fact. If he
2 fails to remedy the deficiencies identified in this order, the court will have no choice but to
3 dismiss his complaint.

4    III.  Leave to Amend

5   Plaintiff will be given leave to amend to address the deficiencies identified above. He is
6 cautioned that any amended complaint must identify as a defendant only persons who personally
7 participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*,
8 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional
9 right if he does an act, participates in another's act or omits to perform an act he is legally
10 required to do that causes the alleged deprivation). Plaintiff may also include any allegations
11 based on state law that are so closely related to his federal allegations that "they form the same
12 case or controversy." *See* 28 U.S.C. § 1367(a).

13   The amended complaint must also contain a caption including the names of all defendants.
14 Fed. R. Civ. P. 10(a).

15   Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See*
16 *George*, 507 F.3d 605 at 607.

17   Any amended complaint must be written or typed so that it so that it is complete in itself
18 without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended
19 complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the
20 earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114
21 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter
22 being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.
23 1967)).

24   Any amended complaint should be as concise as possible in fulfilling the above
25 requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual
26 background which has no bearing on his legal claims. He should also take pains to ensure that his
27 amended complaint is as legible as possible. This refers not only to penmanship, but also spacing
28 and organization. Plaintiff should carefully consider whether each of the defendants he names

actually had involvement in the constitutional violations he alleges.  A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's motion for extension of time (ECF No. 18) is GRANTED;

2. Plaintiff's third amended complaint (ECF No. 19) is DISMISSED with leave to amend within thirty days from the date of service of this order; and

3. Failure to file an amended complaint that complies with this order may result in the dismissal of this action for the reasons stated herein.

DATED:  April 24, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5